MONEYWEIGHT SCALE COMPANY, DEFENDANT IN CERTIORARI, v. AARON H. FRIEDMAN, PROSECUTOR.

Submitted July 2, 1909—Decided November 8, 1909.

A cause pending in the District Court can be adjourned by the clerk of the court under the twenty-seventh section of the District Court act only in the absence of the court, except by consent of the parties to the record. *Held,* therefore, that a cause postponed by the clerk at another time and at the request of one only of the parties to the record, conferred no jurisdiction upon the court to try the cause on such adjourned day, excepting with the consent of the parties; and that a judgment rendered under such circumstances was *coram non judice* and void.

---

On *certiorari.*

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the prosecutor, *Leo Goldberger.*

For the defendant, *Thomas Brown.*

The opinion of the court was delivered by

MINTURN, J.   The writ of *certiorari* in this case is intended to challenge the jurisdiction of the District Court of Perth Amboy, in giving judgment against the defendant. The facts upon which this challenge rests are shown by the return to the rule, alleging diminution of the record to be, *inter alia,* that on the return day the case was not called, and that "after the judge left the court room, the plaintiff asked the clerk of the court about it. The clerk thereupon adjourned the case to the following court day." There is nothing in this record to show that the defendant consented to this adjournment, or that he was even present at the time.

The judgment in question was rendered on the day so fixed by the clerk, and against the objection of the defendant, who insisted that the court was without jurisdiction to render a judgment.

The only power to adjourn cases conferred upon the clerk is that contained in section 27 of the District Court act, where, in the absence of the court, the clerk may exercise that power. This is an express grant of power, and therefore it must be assumed to be the legislative intent that the power thus conferred shall be confined to the particular contingency expressed in the act. The maxim *expressio unius est exclusio alterius* contains the doctrine of statutory construction applicable in such case. *Dwar. Stat.* 655; *Rex* v. *Cunningham,* 5 *East* 478.

It may be suggested also that any other rule might be said to invade the constitutional rights of litigants, so as to impinge upon the requirement of due process of law, for, as was said by the United States Supreme Court, "The enactment of the fourteenth amendment, and the presence of due process of law, as construed by the federal Supreme Court, was made an essential to the validity of a judgment in a state court even against its own citizens." *Pennoyer* v. *Neff,* 95 *U. S.* 714.

And it might well be argued in this respect that such a proceeding fails to harmonize with Mr. Webster's famous definition of "the law of the land," a proceeding "which hears before it condemns; proceeds upon inquiry; and renders judgment only after trial." *Dartmouth College* v. *Woodward,* 4 *Wheat.* 519; *Kennard* v. *Louisiana,* 92 *U. S.* 480.

The adjournment of a cause properly before a court of competent jurisdiction is a judicial act upon which the rights of the parties may depend; and is not a mere clerical function to be exercised in a perfunctory manner, unless upon the consent of the parties interested. *Woodworth* v. *Wolverton,* 4 *Zab.* 419; *McKenna* v. *Murphy,* 39 *Vroom* 522.

In view of the conclusion we have reached upon this branch of the case, we have not found it necessary to determine the other questions urged as grounds for reversal.

The result we have reached is, that the proceeding before the trial court in this matter was *coram non judice,* and the judgment rendered must be vacated.